IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-32-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| PAUL WILLIAM FANTZ ) | |

This matter is before the court on defendant's petition for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (DE # 47), and motion to supplement the record and submit new documents, (DE # 49). The government filed a response in opposition to defendant's filings. (DE # 51.)

In 2014, defendant pled guilty to receipt of child pornography, and the court sentenced him to 100 months imprisonment. In his petition, defendant requests that he be released to home confinement because he is eligible for home detention as of 3 June 2020; he has served the "vast majority of his sentence" without disciplinary infractions; and the conditions at Federal Correctional Institution ("FCI") Fort Dix, where he is incarcerated, "exacerbate the potential for the spread of" COVID-19. (DE # 47, at 5, 16.) In his motion to supplement, defendant explains why he "elected to approach" the court before exhausting his administrative remedies with the Bureau of Prisons ("BOP") and argues exhaustion should not be required. (DE # 49, at 1-2.) The government urges the court to deny defendant's motions because the court lacks the authority to place defendant on home confinement and, to the extent defendant seeks compassionate release, defendant has failed to exhaust his administrative remedies and the 18 U.S.C. § 3553(a) factors weigh against reducing defendant's imprisonment term. (Resp., DE # 51, at 1-2.)

The court agrees with the government that it cannot order defendant's release to home confinement. Such authority rests with the BOP. See 18 U.S.C. § 3624(c)(2) (authorizing the BOP "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months"). The Coronavirus Aid, Relief, and Economic Security ("CARES") Act "authorizes the BOP—not courts—to expand the use of home confinement" under 18 U.S.C. § 3624(c)(2). United States v. Nash, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (collecting cases); see also United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (holding the CARES Act "does not authorize the court to order defendant's placement in home confinement").

Despite defendant's request for home confinement, the court construes his petition as seeking a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). That statute permits the court to reduce a term of imprisonment based on extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A)(i). Such reasons include the medical condition of the defendant and "other" reasons. See BOP Program Statement 5050.50, at 4-5 (Jan. 17, 2019); U.S.S.G. § 1B1.13 n.1(A), (D) (2018). Before filing such a motion with the sentencing court, the defendant must submit a request to the warden of his facility for the BOP bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). After 30 days, if the defendant has not received a response to his request, he may then file a motion in the sentencing court. Id. If the BOP denies his request, the defendant must fully exhaust his administrative appeals before filing a motion. Id.

Defendant argues that the court should not require him to exhaust his administrative

remedies because it would be futile and he is likely to suffer irreparable injury. (Mot., DE # 49, at 2.) Even assuming § 3582(c)(1)(A)'s exhaustion requirement could be waived in certain circumstances, see Poulios v. United States, No. 2:09-CR-109, 2020 WL 1922775, at *3 (E.D. Va. Apr. 21, 2020) ("[T]he exhaustion requirement may be waived due to futility, inadequate relief, or undue prejudice."), it is not warranted here.

The day before he submitted his petition to the court, on 29 April 2020, defendant submitted to his BOP unit team an "Inmate Request to Staff" form stating, "I am requesting immediate home confinement or home detention pursuant to Title 18 USC § 3582 due to my health conditions and the ongoing coronavirus pandemic. I am eligible for Home Detention June 3, 2020."[1] (DE # 47-1.) Defendant explains he petitioned the court before receiving a response to this request (or waiting 30 days) because interaction with the unit team led him to believe his request would be denied and he emailed the assistant warden about the issue, who responded that he was ineligible for home confinement because of his offense of conviction. (See Mot., DE # 49, at 1; Attach., DE # 49-1, at 1.) The BOP's consideration of releasing a defendant to home confinement is distinct from its consideration of whether to file a motion for a defendant's compassionate release. Compare BOP Program Statement 7320.01 (Dec. 15, 2017) (establishing policies and procedures for home confinement under § 3624(c)), with BOP Program Statement 5050.50 (Jan. 17, 2019) (establishing policies and procedures for compassionate release under § 3582(c)(1)(A)). The BOP's conclusion that defendant is not

---

[1] The BOP claims it does "not have any record of having received any requests for compassionate release from [defendant]." (Kelley Decl., DE # 51-1, at 2.) Although defendant's 29 April request does not use the words "compassionate release," it cites to the compassionate release statute and seeks release based on medical conditions and the COVID-19 pandemic. (DE # 47-1.) The court considers this request to be one for compassionate release for the purpose of commencing the administrative remedy process.

3

eligible for home confinement does not necessarily mean the BOP would deny his request for compassionate release. Therefore, defendant has not shown it would be futile for him to pursue his administrative remedies.

Defendant has also not shown he will suffer irreparable injury or other undue prejudice if required to pursue his administrative remedies. He is 37 years old and has been diagnosed with, and takes medications for, tachycardia,[2] anxiety, and high cholesterol. (Pet., DE # 47, at 5; Attach., DE # 49-1, at 6.) While the court is concerned about the alleged conditions at FCI Fort Dix and the potential spread of COVID-19 there,[3] (see Pet., DE # 47, at 7-8), defendant's personal circumstances do not justify setting aside the exhaustion requirement. Cf. Poulios, 2020 WL 1922775, at *3 (waiving exhaustion where the defendant was 65 years old and suffering from chronic liver disease and severe cardiac issues).

Defendant's motion to supplement the record is ALLOWED. Defendant's petition for compassionate release is DENIED WITHOUT PREJUDICE to him refiling once he has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

This 26 June 2020.

_____
W. Earl Britt
Senior U.S. District Judge

---

[2] "Tachycardia is the medical term for a heart rate over 100 beats per minute." https://www.mayoclinic.org/diseases-conditions/tachycardia/symptoms-causes/syc-20355127 (last visited June 23, 2020).
[3] According to the BOP, at FCI Fort Dix, 14 inmates are positive for COVID-19, and 28 inmates and 5 staff have recovered from the virus. Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (follow "COVID-19 Cases" hyperlink for "full breakdown and additional details") (last visited June 23, 2020). Fortunately, no inmates or staff there have died from the virus. See id.